UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>William M. and Catherine M. Fannon</u>

    v.                                              Civil No. 16-cv-141-JD
                                                                    Opinion No. 2016 DNH 188
<u>U.S. Bank, N.A. as Trustee</u>
<u>of MASTR Asset Backed Securities Trust</u>
<u>2006-NCI, Mortgage Pass-Through Certificates,</u>
<u>Series 2006-NC1</u>


<u>O R D E R</u>

William and Catherine Fannon move for reconsideration of the court's order that granted in part and denied in part U.S. Bank's motion to dismiss.  In support, they argue that the court erred in dismissing their claim for breach of the implied duty of good faith and fair dealing.  U.S. Bank objects.

<u>Standard of Review</u>

To succeed on a motion for reconsideration of an interlocutory order, the moving party must show "that the order was based on a manifest error of fact or law."  LR 7.2(d). Reconsideration is an extraordinary remedy that is used only sparingly.  <u>U.S. ex rel. Ge v. Takeda Pharm. Co. Ltd.</u>, 737 F.3d 116, 127 (1st Cir. 2013).

Discussion

The court granted the motion to dismiss the Fannons' claim of breach of the implied duty of good faith and fair dealing on the ground that the implied duty cannot be used to require a lender to modify or restructure a loan. The Fannons contend that the court erred in dismissing the claim because they do not allege that U.S. Bank was required to modify their loan. Instead, they assert that U.S. Bank failed to reasonably exercise its discretion in performing a trial modification plan and processing their subsequent application for loan modification.

Under New Hampshire law, the third category of obligations of the implied duty of good faith and fair dealing applies to discretion in contract performance. Centronics Corp. v. Genicom Corp., 132 N.H. 133, 139 (1989). The third category has three elements. Moore v. Mortg. Elec. Reg. Sys., Inc., 848 F. Supp. 2d 107, 129 (D.N.H. 2012). To state a claim, a plaintiff must allege that an "agreement allows or confers discretion on the defendant to deprive the plaintiff of a substantial portion of the benefit of the agreement," that the defendant failed to exercise its discretion reasonably, and that the defendant's actions caused the plaintiff harm. Id.

The Fannons argue that U.S. Bank, through its servicing agent, entered into a trial loan modification plan with them and

2

breached the implied duty in that agreement by failing to accept a late payment.  They also argue briefly that U.S. Bank breached the implied duty by impeding their efforts to apply for a loan modification in 2015.

A.  Trial Period Plan

The Fannons rely on a "Trial Period Plan" offered in a letter dated August 27, 2013, from America's Servicing Company ("ASC").  To the extent the letter is an enforceable agreement that includes the implied covenant, the Fannons have not shown that the plan conferred the discretion on ASC that they allege.[1]

The letter explicitly required payments to be made on October 1, November 1, and December 1 of 2013.  The Fannons admit that they did not make the December payment by December 1, because, they allege, ASC lost part of their December payment that was submitted in two money orders.  They further allege that ASC would not allow them to cure the problem with another payment during December, and, as a result, the Fannons were not considered for a permanent loan modification.

In support of their claim, the Fannons argue that ASC had discretion to accept payments at any time during December.  They rely, generally, on page two of the letter.  The Fannons do not

---

[1] The letter was from ASC, not U.S. Bank.  Apparently, ASC was acting as U.S. Bank agent by servicing the loan on its behalf.

3

identify the specific language that granted ASC such discretion.[2] The only language on page two of the letter that addresses time for payments is the following:

> After all trial period payments are timely made and you have submitted all the required documents, your mortgage may be permanently modified. . . . If each payment is not received by America's Servicing Company in the month in which it is due, this offer will end and your loan will not be modified under the terms described in this offer.

If that is the statement that the Fannons are relying on to confer discretion on ASC to accept late payments, it will not bear that burden. The last sentence does not say, as the Fannons may have hoped, that ASC has discretion to accept payments anytime in December. Instead, that sentence requires payments to be made on the date due in each month.

The payment schedule is clearly stated in the letter. The reference to the month in which the payment is due does not alter the payment schedule or give ASC discretion to alter the schedule. The Fannons did not comply with the schedule, for

---

[2] In their objection to the motion to dismiss, the Fannons cited generally to "Ex. O," which is the five-page letter from ASC that the Fannons contend is a the "Trial Period Plan." In support of their motion for reconsideration, the Fannons cite page two of the letter. As the Fannons are represented by counsel, the court has no obligation to delve through the cited exhibit and speculate as to what language might support their claim. For that reason, the Fannons' motion is not properly supported and would not succeed even if they intended to rely on a different statement in the Plan.

whatever reason, and the letter does not provide ASC discretion to change the established schedule.

The Fannons have not shown that the letter conferred category three discretion on ASC or that ASC acted unreasonably even if it had such discretion.

B.  2015 Modification Application

The Fannons also argue that U.S. Bank breached the implied duty of good faith and fair dealing by denying their loan modification application in 2015 and frustrating their attempts to appeal that decision.  They do not explain what agreement included the implied covenant that they are invoking.

As the court explained in the order dismissing the claim, the implied covenant cannot be invoked to require a lender to modify or restructure a loan.  Riggieri v. Caliber Home Loans, Inc., 2016 WL 4133513, at *6-*7 (D.N.H. Aug. 3, 2016) (citing cases).  Similarly, the implied covenant does not apply to require a lender to consider an application for loan modification.  Dionne v. Fed. Nat'l Mortg. Assoc., 2016 WL 3264344, at *11-*12 (D.N.H. June 14, 2016).

Therefore, the Fannons provide no grounds for reconsideration of the order dismissing their claim for breach of the implied covenant of good faith and fair dealing.

Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (doc. no. 36) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

October 25, 2016

cc: David D. Christensen, Esq.
    Stephen T. Martin, Esq.
    Michael R. Stanley, Esq.