UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>William and Catherine Fannon</u>

    v.                                        Civil No. 16-cv-141-JD
                                              Opinion No. 2017 DNH 234
<u>U.S. Bank, N.A., Trustee</u>

O R D E R

    William and Catherine Fannon brought suit against U.S. Bank as trustee of the MASTER Asset Backed Securities Trust 2006-NC1, Mortgage Pass-Through Certificates Series 2006-NC1, alleging claims arising out of the foreclosure sale of their home.  After the parties notified the court that the case had settled, U.S. Bank moved to enforce the settlement.  The Fannons, who are now proceeding pro se, did not respond.  The magistrate judge issued a report and recommendation that U.S. Bank's motion be granted.  The Fannons did not respond to the report and recommendation.

Background

    The Fannons, while represented by counsel, brought suit in state court against U.S. Bank, N.A., to enjoin the imminent foreclosure sale of their home.[1]  In support, they alleged that

---

[1] The Fannons brought a prior case in state court to enjoin a previously scheduled foreclosure.  They dismissed their claims when U.S. Bank moved to dismiss, and the case was terminated.

U.S. Bank lacked the power to foreclose, that U.S. Bank had breached the implied duty of good faith and fair dealing, that they had not defaulted under the note, that there was not an enforceable mortgage contract with U.S. Bank, and that they had rescinded the note and mortgage. U.S. Bank removed the case to this court, and the foreclosure sale was held two weeks later on April 29, 2016.

The Fannons filed an amended complaint alleging that U.S. Bank lacked the power to foreclose, breach of the implied covenant of good faith and fair dealing, rescission, and wrongful foreclosure. U.S. Bank moved to dismiss the claims in the amended complaint.[2] The Fannons objected and moved to certify a question about consummation of a mortgage to the New Hampshire Supreme Court. The court denied the motion for certification. See Order, Sept. 20, 2016, doc. no. 33.

The court granted U.S. Bank's motion to dismiss Counts II, III, and IV, but denied the motion as to Count I, which alleged that U.S. Bank lacked the power to foreclose, and Count V, which

---

[2] Before addressing the motion to dismiss, the court directed counsel to meet in an effort to resolve the issue raised by the Fannons about the validity of the note held by U.S. Bank. See Procedural Order, Aug. 24, 2016, doc. no. 24. Despite the meeting, the Fannons continued to dispute that U.S. Bank held the original note. See Order, Sept. 20, 2016, doc. no. 35.

alleged a claim for wrongful foreclosure.  See Order, Sept. 20, 2016, doc. no. 34.  The Fannons moved for reconsideration, which was denied.  See Order, Oct. 25, 2016, doc. no. 40.  The parties' discovery plan was approved on November 16, 2016.

In March of 2017, the Fannons' counsel moved to withdraw due to an irremediable breakdown of the lawyer-client relationship.  The motion was granted, and the Fannons were directed to enter an appearance by counsel or appearances pro se by April 18, 2017.  When no appearance was entered by that deadline, the magistrate judge ordered the Fannons to enter pro se appearances or have counsel enter an appearance on their behalf by April 25, failing which the discovery status conference scheduled for that date would be cancelled and a show cause hearing would be held in its place.

The Fannons filed pro se appearances and attended the discovery status conference on April 25, 2017.  At the conference, the parties represented that the case had settled. See Transcript, April 27, 2017.  The magistrate judge gave the parties sixty days to file an agreement for the entry of judgment or a stipulation of dismissal.

On June 2, 2017, U.S. Bank moved to enforce the settlement.  The Fannons did not respond to the motion.  The court referred the motion to the magistrate judge, who issued a report and

recommendation that the motion be granted.  See R & R, Oct. 4, 2017.  The Fannons did not respond to the report and recommendation.

## Standard of Review

The district court may refer a pending motion for dispositive relief to a magistrate judge for a report and recommendation.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  Once it is issued, a party may file an objection to the report and recommendation within fourteen days.  § 636(b); Fed. R. Civ. P. 72(b)(2).  "The district court judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(2).  When a party fails to object, however, the court may adopt the report and recommendation, and the party waives the right to appeal that decision.  M. v. Falmouth Sch. Dep't, 847 F.3d 19, 25 (1st Cir. 2017); Santos-Santos v. Tores-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

## Discussion

In the Report and Recommendation, the magistrate judge found that U.S. Bank's representations about the terms of the parties' settlement agreement were consistent with the transcript of the April 25th hearing and the magistrate's observations and recollections.  The magistrate judge

4

recommended that the court order the Fannons to vacate the property and direct the parties to file an entry of judgment or stipulation of dismissal within forty-five days of approval of the report and recommendation.  There being no objection to the magistrate's findings and recommendations, the findings and recommendations are approved and adopted as follows.

The Fannons and U.S. Bank entered into an enforceable settlement agreement as of April 25, 2017.  Under the terms of the settlement, the Fannons agreed to vacate the property located at 537 Turnpike Road, New Ipswich, New Hampshire, within sixty days of April 25, 2017.  The Fannons also agreed to dismiss their claims against U.S. Bank with prejudice.  In exchange, U.S. Bank promised not to evict the Fannons from the property during that time and to waive any deficiency on the note that resulted from the foreclosure sale.  The deadline for the Fannons to vacate the property was June 24, 2017.

Counsel for U.S. Bank represented in the motion to enforce the settlement agreement and supporting memorandum that as of June 2, 2017, the Fannons were refusing to sign the written settlement agreement, would not abide by the agreement, and had repudiated the agreement.  The Fannons have not responded and, therefore, do not dispute that representation.

Conclusion

    For the foregoing reasons, the court approves and adopts
the magistrate judge's report and recommendation (document no.
58), granting U.S. Bank's motion to enforce settlement (document
no. 56).

    If they have not already done so, William and Catherine
Fannon shall vacate the property located at 537 Turnpike Road,
New Ipswich, New Hampshire, as they agreed to do in the
settlement, on or before **December 4, 2017.**  If William and
Catherine Fannon should fail to vacate the property by **December
4, 2017,** U.S. Bank may seek all available remedies, including
eviction, under New Hampshire law.

    The parties shall file an agreed entry of judgment or
stipulation of dismissal **on or before January 15, 2017,** failing
which the court will dismiss all claims with prejudice.

    SO ORDERED.

                                    _____
                                    Joseph DiClerico, Jr.
                                    United States District Judge

November 2, 2017

cc:  David D. Christensen, Esq.
     Michael R. Stanley, Esq.
     Catherine M. Fannon, pro se
     William M. Fannon, pro se